

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 21, 2022

**BY ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Faheem Walter*, S6 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

      The Government writes in response to defendant Faheem Walter's (the "defendant" or "Walter") fourth motion for compassionate release, which was docketed on August 11, 2011. (ECF No. 609.) For the reasons set forth below, the Government opposes the defendant's request. Nothing regarding the defendant's medical condition, his medical care, or the Section 3553(a) factors has changed since the Court denied (1) the defendant's initial request on April 16, 2020 (ECF No. 469); (2) the defendant's second request on June 2, 2020 (ECF No. 487); or (3) the defendant's third request on July 31, 2020 (ECF No. 521).

**I.   Background**

      On August 11, 2021, the defendant's *pro se* motion for compassionate release was docketed, with the defendant arguing that he is worthy of early release due to the fact that he has a medical condition (presumably the same medical condition which formed the basis of his prior applications), and because he has served more than 50% of his sentence. (ECF No. 609 at 4–5.) The Court ordered the Government's response by April 22, 2022. (ECF No. 632.)

      Upon receipt of the Court's order, the Government requested the defendant's updated medical records and disciplinary records. As the Court is aware, the defendant suffered a gunshot wound to his abdomen prior to his arrest in this case. As a result of the defendant's wound, the defendant has had a colostomy bag since October 2018. Based on the medical records, it appears that the BOP has been treating the defendant's medical condition and has recommended that the defendant undergo testing to determine whether the defendant is eligible to have the colostomy reversed.

      With respect to COVID-19, the defendant received the second dose of the Pfizer vaccine on or about September 9, 2021.

Since the defendant's last request for early release on July 26, 2020, the defendant has had several, substantiated disciplinary infractions, including:

1. On July 29, 2020, the defendant was found guilty of possessing a hazardous tool.

2. On September 1, 2021, the defendant was found guilty of fighting with another inmate and possessing a weapon while fighting with that inmate.

3. On November 30, 2021, the defendant was found guilty of failing to stand for the count and refusing to obey an order.

4. On January 6, 2022, the defendant was found guilty of interfering with taking the count.

A copy of the defendant's disciplinary records is attached hereto as Exhibit A.

## II. Discussion

The Government relies on and incorporates the arguments set forth in the Government's prior oppositions to the defendant's motions for early release on April 15, 2020 (ECF No. 468) and June 1, 2020 (ECF No. 486). The Court has denied the defendant's prior applications because the Section 3553(a) factors did not support the defendant's early release. (*See* ECF Nos. 469, 487, and 521.) The Section 3553(a) factors remain the same and do not support the defendant's early release. The defendant committed an incredibly serious offense – being associated with the violent Nine Trey Gangsta Bloods and personally participating in several acts of violence, including the April 3, 2018 armed robbery of gang rivals in midtown Manhattan and the July 16, 2018 shooting in Brooklyn. Moreover, the defendant was involved in a violent assault on October 26, 2018 that resulted in the defendant being shot.

The defendant's behavior while incarcerated further underscores that the Section 3553(a) factors do not support the defendant's early release. Indeed, as recently as last fall, the defendant was found guilty of being armed with a weapon while fighting with another inmate. This type of behavior is particularly concerning because it is emblematic of the defendant's behavior prior to his arrest in this case – the defendant was a violent associate of Nine Trey who was viewed by others in the gang as an enforcer who was charged with protecting Daniel Hernandez, a/k/a "Tekashi 6ix 9ine." The defendant remains a danger to the community and his continued incarceration is clearly appropriate to protect members of the public from the defendant.

### III. Conclusion

Accordingly, for the reasons set forth in the Government's prior oppositions to the defendant's previous motions for compassionate release, and for all of the reasons set forth by the Court during the defendant's sentencing and in the Court's prior denials of the defendant's previous applications, the defendant's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _s/_____
Michael D. Longyear
Jonathan E. Rebold
Jacob Warren
Assistant United States Attorneys
(212) 637-2223 / 2512 / 2264

cc: Faheem Walter (by US Mail)
    Reg. No. 86336-054
    USP McCreary
    U.S. Penitentiary
    P.O. Box 3000
    Pine Knot, KY 42635

# EXHIBIT A

```
 NERBD              *        INMATE DISCIPLINE DATA          *     04-08-2022
PAGE 001            *    CHRONOLOGICAL DISCIPLINARY RECORD   *      13:10:11

REGISTER NO: 86336-054 NAME..: WALTER, FAHEEM
FUNCTION...: PRT       FORMAT: CHRONO     LIMIT TO ___ MOS PRIOR TO 04-08-2022

------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3583072 - SANCTIONED INCIDENT DATE/TIME: 01-01-2022 2202
UDC HEARING DATE/TIME: 01-06-2022 1210
FACL/UDC/CHAIRPERSON.: MCR/6A/R. BROOKS
REPORT REMARKS.......: SANCTIONED
    321  INTERFERING WITH TAKING COUNT - FREQ: 1
         LP COMM     / 90 DAYS / CS
                     FROM: 10-26-2022  THRU: 01-23-2023
            COMP:    LAW:
         LP EMAIL    / 90 DAYS / CS
                     FROM: 10-26-2022  THRU: 01-23-2023
            COMP:    LAW:
         LP PHONE    / 90 DAYS / CS
                     FROM: 01-06-2022  THRU: 04-05-2022
            COMP:    LAW:
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3571622 - SANCTIONED INCIDENT DATE/TIME: 11-28-2021 1010
UDC HEARING DATE/TIME: 11-30-2021 1255
FACL/UDC/CHAIRPERSON.: TAL/JAIL/D. ARNOLD
REPORT REMARKS.......: INMATE STATED HE DID NOT STAND UP FOR THE 10:00 AM COUNT
                       .
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP EMAIL    / 150 DAYS / CS
                     FROM: 05-29-2022  THRU: 10-25-2022
            COMP:    LAW:   LOSS OF EMAIL PRIVILEGES FOR 150 DAYS. RESTORE USA
                            GE ON 10-27-2022.
         LP PHONE    / 35 DAYS / CS
                     FROM: 11-30-2021  THRU: 01-03-2022
            COMP:    LAW:   LOSS OF TELEPHONE FOR 35 DAYS. RESTORE USAGE ON 1-
                            4-2022.
    320  FAILING TO STAND COUNT - FREQ: 1
         LP COMM     / 150 DAYS / CS
                     FROM: 05-29-2022  THRU: 10-25-2022
            COMP:    LAW:   LOSS OF COMMISSARY PRIVILEGES FOR 150 DAYS. RESTOR
                            E USAGE ON 10-27-2022
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3539884 - SANCTIONED INCIDENT DATE/TIME: 08-25-2021 1048
DHO HEARING DATE/TIME: 09-01-2021 0940           DHO REPT DEL: 09-08-2021 0730
FACL/CHAIRPERSON.....: COP/C. CARROLL
REPORT REMARKS.......: I/M REMAINED SILENT FOR ATTEMPT TO FIGHT I/M THOMPSON
                       #66137-056 WITH WEAPONS.
    104  POSSESSING A DANGEROUS WEAPON - FREQ: 1
         DIS GCT     / 41 DAYS / CS
            COMP:010 LAW:P   DISALLOWANCE OF 41 DAYS GOOD CONDUCT TIME.



G0002        MORE PAGES TO FOLLOW . . .
```

```
   NERBD            *       INMATE DISCIPLINE DATA          *      04-08-2022
 PAGE 002          *     CHRONOLOGICAL DISCIPLINARY RECORD   *      13:10:11

 REGISTER NO: 86336-054 NAME..: WALTER, FAHEEM
 FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 04-08-2022

 DHO HEARING DATE/TIME: 09-01-2021 0940 REPORT 3539884 CONTINUED
         DS           / 20 DAYS / CS
                  FROM: 09-01-2021  THRU: 09-20-2021
         COMP:    LAW:    PLACEMENT IN DISCIPLINARY SEGREGATION FOR 20 DAYS.
         LP COMM     / 180 DAYS / CS
                  FROM: 09-01-2021  THRU: 02-27-2022
         COMP:    LAW:    LOSS OF COMMISSARY FOR 180 DAYS.
         LP EMAIL    / 180 DAYS / CS
                  FROM: 09-01-2021  THRU: 02-27-2022
         COMP:    LAW:    LOSS OF E-MAIL FOR 180 DAYS.
    201A FIGHTING WITH ANOTHER PERSON - FREQ: 1
         DIS GCT     / 27 DAYS / CS
         COMP:010 LAW:P   DISALLOWANCE OF 27 DAYS GOOD CONDUCT TIME.
         DS           / 20 DAYS / CS
                  FROM: 09-21-2021  THRU: 10-10-2021
         COMP:    LAW:    PLACEMENT IN DISCIPLINARY SEGREGATION FOR 20 DAYS.
         LP COMM     / 90 DAYS / CS
                  FROM: 02-28-2022  THRU: 05-28-2022
         COMP:    LAW:    LOSS OF COMMISSARY FOR 90 DAYS.
         LP EMAIL    / 90 DAYS / CS
                  FROM: 02-28-2022  THRU: 05-28-2022
         COMP:    LAW:    LOSS OF E-MAIL FOR 90 DAYS.
 -----------------------------------------------------------------------------
 REPORT NUMBER/STATUS.: 3393707 - SANCTIONED INCIDENT DATE/TIME: 04-29-2020 1610
 DHO HEARING DATE/TIME: 07-29-2020 1300
 FACL/CHAIRPERSON.....: NYM/DELANEY
 REPORT REMARKS.......: I/M STATED: I'M GUILTY
     108 POSSESSING A HAZARDOUS TOOL - FREQ: 1 ATI: EYC RFP: D
         DIS GCT     / 41 DAYS / CS
         COMP:010 LAW:P   SANCTION IMPOSED TO DETER FUTURE MISCONDUCT
         DS           / 30 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:    SANCTION IMPOSED TO DETER FUTURE MISCONDUCT
         LP COMM     / 365 DAYS / CS
                  FROM: 07-29-2020  THRU: 07-28-2021
         COMP:    LAW:    SANCTION IMPOSED TO DETER FUTURE MISCONDUCT
 -----------------------------------------------------------------------------
 REPORT NUMBER/STATUS.: 3263763 - SANCTIONED INCIDENT DATE/TIME: 06-01-2019 1000
 DHO HEARING DATE/TIME: 06-11-2019 1107
 FACL/CHAIRPERSON.....: BRO/K. HAMPTON
 REPORT REMARKS.......: INMATE DECLINED TO COMMENT
     108 POSSESSING A HAZARDOUS TOOL - FREQ: 1 ATI: EYC RFP: D
         DIS GCT     / 41 DAYS / CS
         COMP:000 LAW:
         DS           / 45 DAYS / CS
                  FROM: 06-11-2019  THRU: 07-25-2019
         COMP:    LAW:


 G0002        MORE PAGES TO FOLLOW . . .
```

```
   NERBD          *        INMATE DISCIPLINE DATA         *      04-08-2022
PAGE 003 OF 003  *   CHRONOLOGICAL DISCIPLINARY RECORD    *       13:10:11

REGISTER NO: 86336-054 NAME..: WALTER, FAHEEM
FUNCTION...: PRT         FORMAT: CHRONO     LIMIT TO ___ MOS PRIOR TO 04-08-2022

DHO HEARING DATE/TIME: 06-11-2019 1107 REPORT 3263763 CONTINUED
        LP VISIT    / 365 DAYS / CS
                    FROM: 06-11-2019  THRU: 06-09-2020
        COMP:     LAW:
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3225730 - SANCTIONED INCIDENT DATE/TIME: 02-19-2019 1130
DHO HEARING DATE/TIME: 03-06-2019 1050
FACL/CHAIRPERSON.....: BRO/K. HAMPTON
REPORT REMARKS.......: BASE ON THE GRTR WGT OF EVIDENCE  THE DHO FINDS I/M
                       GUILTY OF CODE 203.
   203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
        DIS GCT     / 27 DAYS / CS
        COMP:000 LAW:    SANCTION IMPOSED TO DETER FUTURE MISCONDUCT.
        DS          / 30 DAYS / CS
                    FROM: 03-06-2019  THRU: 04-04-2019
        COMP:     LAW:    SANCTION IMPOSED TO DETER FUTURE MISCONDUCT.
        LP PHONE    / 180 DAYS / CS
                    FROM: 03-06-2019  THRU: 09-01-2019
        COMP:     LAW:    SANCTION IMPOSED TO DETER FUTURE MISCONDUCT.




        G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```